IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13cv-03487-BNB

EDWIN MARK ACKERMAN,

    Applicant,

v.

WARDEN DAVIS,
U.S. ARMY, and
UNITED STATES ATTORNEY FOR THE DISTRICT OF COLORADO,

    Respondents.

## ORDER TO FILE PRELIMINARY RESPONSE

    Applicant, Edwin Mark Ackerman, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Buena Vista, Colorado.  Mr. Ackerman, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a detainer entered against him by the United States Army.

    First, the Court addresses the proper respondent in this action. Although Mr. Ackerman properly has named his custodian as a Respondent, The United States Attorney for the District of Colorado (U.S. Attorney) would best respond to Mr. Ackerman's claims regarding the detainer.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (applicant is not precluded from challenging a future detainer).  Therefore, the U. S. Attorney is named as respondent for the purpose of responding.  Warden Davis will be served for informational purposes only.

    Next, as part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has

determined that a limited Preliminary Response is appropriate.  The U.S. Attorney is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies with respect to the detainer.  If the U.S. Attorney does not intend to raise this affirmative defense, he must notify the Court of that decision in the Preliminary Response.  The U.S. Attorney may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, the U.S. Attorney should attach as exhibits all relevant portions of the administrative record, including but not limited to copies of all documents demonstrating whether Applicant has exhausted administrative remedies.

Mr. Ackerman may reply to the Preliminary Response and provide any information that might be relevant to the exhaustion of remedies.  Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** the U.S. Attorney shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Mr. Ackerman may file a Reply, if he desires.  It is

FURTHER ORDERED that if the U.S. Attorney does not intend to raise the affirmative defenses of exhaustion of remedies, he must notify the Court of that decision in the Preliminary Response.

Dated:  December 26, 2013

BY THE COURT:

 s/Boyd N. Boland
United States Magistrate Judge