**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-03487-RM

EDWIN MARK ACKERMAN,

    Applicant,

v.

WARDEN DAVIS,
U.S. ARMY, and
UNITED STATES ATTORNEY FOR THE DISTRICT OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Edwin Mark Ackerman, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) currently incarcerated at the Colorado Territorial Correctional Facility. Mr. Ackerman has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Application") [ECF No. 1] challenging a detainer lodged by the Department of the Army that notifies CDOC that Mr. Ackerman is to be returned to military jurisdiction upon completion of his state sentence. Mr. Ackerman has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On February 10, 2014, the Court entered an order [ECF No. 14] directing Respondent to show cause why the Application should not be granted. On March 3, 2014, Respondent filed Defendant United States Army's Response to Application for Writ of Habeas Corpus ("the Response") [ECF No. 17], and Applicant filed a Motion in Response to the Defendant's Response to the Applicant's Habeas Corpus ("the Reply")

[ECF No. 18] on March 18, 2014.

The Court must construe liberally Mr. Ackerman's filings because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. After reviewing the record, including the Application, the Response, and the Reply, the Court concludes that the Application should be denied and the action dismissed.

## I. Factual Background

On July 7, 1995, Mr. Ackerman was convicted in military court-martial proceedings of rape and larceny and was sentenced to confinement for life. [ECF No. 1 at 2; ECF No. 17-2; ECF No. 17-3 at 2].

On September 19, 1995, the Department of the Army entered a General Court-Martial Order, which provided that the court-martial sentence of confinement beyond twenty-seven years was suspended. [ECF No. 17-2]. The General Court-Martial Order further provided that the sentence of confinement is "postponed" and will not begin until Mr. Ackerman "has been permanently released to the armed forces." [*Id.*]. The confinement was postponed so that Mr. Ackerman could be prosecuted by the State of Colorado in separate criminal proceedings. [ECF No. 17-3 at 2].

On September 29, 1995, Mr. Ackerman pled guilty to second-degree kidnapping and was sentenced in Case No. 94cr3662 in El Paso County to thirty-five years' imprisonment in CDOC. [ECF No. 1 at 2; ECF No. 17-1]. He has a mandatory release date of April 21, 2026. [ECF No. 17-1].

On October 26, 1995, the Army lodged a detainer with CDOC, directing CDOC to notify the Fort Carson Regional Corrections Facility, the U.S. Army Personnel Control Facility, or the U.S. Disciplinary Barracks before releasing Mr. Ackerman from civilian confinement so that he could be returned to military jurisdiction. [ECF No. 17-3 at 2].

Mr. Ackerman initiated this action on December 26, 2013. He asserts the following three claims in the Application:

> (1) "That the detainer placed upon the applicant to be either enacted thereby transferring the applicant to the U.S. Army's custody or to be rescinded and placed onto parole by the State of Colorado;"
>
> (2) "The applicant's plea agreement that he was sentenced to by the U.S. Army on July 7, 1995 needs to be honored;" and
>
> (3) "Denial by the State of Colorado due to the detainer placed upon him by the U.S. Army at the request of the El Paso County in Colorado Springs on behalf of the State of Colorado."

[ECF No. 1 at 2-4].

Respondent contends that the detainer is lawful. [ECF No. 17 at 2]. Respondent also argues that the Court lacks subject matter jurisdiction to review the merits of Mr. Ackerman's plea agreement argument. [*Id.* at 3].

In the Reply, Mr. Ackerman asserts a fourth claim. Mr. Ackerman alleges that his "State sentence was to be consecutive to the Military's [sentence], but the Applicant was to be placed into the State's prison." [ECF No. 18 at 2]. Mr. Ackerman contends that this sentencing arrangement should have resulted in him serving his military sentence first. [*Id.* at 2, 4]. Mr. Ackerman contends that he should be transferred to the custody of the Army and that his time served in CDOC facilities should be credited against his court-martial sentence. [*Id.*].

## II. Analysis

The general habeas corpus statute, 28 U.S.C. § 2241, provides a federal court with authority to grant a writ of habeas corpus to a person held "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3). A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna,* 208 F.3d 862, 867 n.6 (10th Cir. 2000); *see also Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 485, 498-99 (1973) (applicant is not precluded from challenging a future detainer). Further, challenges to parole procedures constitute a challenge to the execution of the sentence and should be brought under § 2241. *See McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) (citing *United States v. Furman,* 112 F.3d 435, 438-39 (10th Cir. 1997)).

### A. Claims One and Three

The Court will address Mr. Ackerman's first and third claims together. In these claims, Mr. Ackerman essentially challenges the validity of the Army detainer and the resulting denial of parole by the Colorado parole board. Although not entirely clear, Mr. Ackerman appears to argue that the detainer is unlawful because it was requested by the state of Colorado for the sole purpose of securing his presence at his state criminal proceedings. [ECF No. 1 at 2-4].

This argument is without merit. The detainer that Mr. Ackerman challenges was lodged by the Army and requires CDOC to return Mr. Ackerman to military jurisdiction upon completion of his civilian confinement. [ECF No. 17-3 at 2-3]. Mr. Ackerman fails

to assert any plausible reason why the Army detainer is unlawful.

To the extent Mr. Ackerman challenges the validity of the detainer because it prevents him from being released on parole, this argument also fails.  A prisoner may not complain of the filing of a detainer because "the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and in such circumstances the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner."  *Wall v. Hudspeth,* 108 F.2d 865, 866 (10th Cir. 1940); *Mingo v. United States,* 350 F.2d 313, 314 (10th Cir. 1965).  Even if the detainer results in a prisoner's ineligibility for parole, "parole is a privilege, the lawful deprivation of which does not impinge upon any constitutional right." *Carson v. Executive Director, Dept. of Parole,* 292 F.2d 468, 469 (10th Cir. 1961) (citations omitted); *see also McDonald v. New Mexico Parole Bd.,* 955 F.2d 631, 633 (10th Cir. 1991) ("[t]he mere fact that the presence of the state detainer may affect the present conditions of petitioner's confinement does not entitle him to relief").  Accordingly, claims one and three do not provide any basis for habeas relief.

**B.  Claim Two**

Mr. Ackerman asserts that his plea agreement with the Army is not being honored because it allegedly imposed a suspended sentence.  [ECF No. 1 at 3]. Construing his allegations liberally, Mr. Ackerman appears to argue that because his court-martial sentence was allegedly suspended, the Army's detainer is unlawful.  First, Mr. Ackerman does not provide the Court with a copy of the plea agreement.  Nor does Mr. Ackerman provide the Court with any evidence, other than conclusory assertions, to support his position that the plea agreement provided for a suspended sentence.

5

Moreover, the terms of the General Court-Martial Order provide that the only portion of Mr. Ackerman's life sentence that was suspended was the portion of confinement that exceeds twenty-seven years. [ECF No. 17-2]. Thus, the record does not support Mr. Ackerman's factual claim and claim two must be dismissed.

### C. Claim Four

In the Reply, Mr. Ackerman attempts to assert a new claim challenging the sentencing arrangement of his civilian and court-martial sentences. Mr. Ackerman argues that because the state sentencing judge imposed a thirty-five year sentence to run consecutive to his twenty-seven year court-martial sentence, he should have served his court-martial sentence first and is entitled to have his time served in CDOC facilities credited against his court-martial sentence. [ECF No. 18 at 2-4].

Applicant first asserted this argument in the Reply. The Court need not address arguments raised for the first time in a reply brief. *See United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir. 2002) (citing *Codner v. United States,* 17 F.3d 1331 n.2 (10th Cir. 2002), and *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 724 (10th Cir.1993)). Even considering the merits of this claim, however, the argument fails because Mr. Ackerman cannot challenge the sentencing arrangement between the United States Army and the State of Colorado.

> [T]he federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion. A person who has violated the criminal statutes of both the Federal and State governments may not complain of the order in which he is tried or punished for such offenses.

*Mahammed v. United States,* 953 F.2d 1391 (10th Cir. 1992) (internal citations omitted); *see also Hernandez v. U.S. Att'y Gen.*, 689 F.2d 915, 917 (10th Cir. 1982) ("the

determination of custody and service of sentence between [two different sovereigns] is a matter of comity to be resolved by the executive branches of each sovereign"). Thus, the fact that Mr. Ackerman is serving his state sentence first does not offend any constitutional law.

Moreover, Mr. Ackerman's argument that his court-martial sentence can be "interrupted only for the purpose of standing before a State Court for trial," is likewise without merit. The transfer of a military prisoner to state custody merely interrupts the execution of his court-martial sentence. *United States v. Bramer,* 45 M.J. 296, 299 (1996); Article 14(b), UCMJ, 10 U.S.C. § 814(b). Upon request by military authorities after completion of any civilian confinement, the prisoner must be returned to military control to serve out the rest of his court-martial sentence. *Id*.; *see, e.g., United States v. Willenbring,* 56 M.J. 671, 682-83 (2001). Therefore, claim four in the Reply does not provide a basis for habeas relief.

## III. Orders

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1], filed by Applicant Edwin Mark Ackerman on December 26, 2013, is denied and the action is dismissed with prejudice. It is

FURTHER ORDERED that *in forma pauperis* status will be denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Ackerman files a notice of appeal he also must pay the full

$505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that the Motion for the Status of Habeas Corpus 28 U.S.C. 2241 [ECF No. 16] and Motion for Status of the Applicant's Habeas Corpus [ECF No. 19] are denied as moot.

DATED at Denver, Colorado, this 7th day of July 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Court Judge